**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                                  :
MIGUEL CAMILO SANCHEZ,                 :
                                                                  :
     Plaintiff,        :  Case No. _____
    v.                               :
                                                                  :
LINEAGE LOGISTICS HOLDINGS, LLC   :
t/a and/or d/b/a "CORVEL"                       :
                                                                  :
     Defendant.     :
_____:
\_

## DEFENDANT LINEAGE LOGISTICS, LLC NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT OF THE EASTERN
DISTRICT OF PENNSYLVANIA:

   Defendant Lineage Logistics, LLC ("Lineage" or "Defendant") (incorrectly identified by
Plaintiff as Lineage Logistics Holdings, LLC t/a and/or d/b/a "Corvel")[1], pursuant to 28 U.S.C. §§
1332, 1441, and 1446, files this Notice of Removal of the action captioned *Miguel Camilo Sanchez
v. Lineage Logistics Holdings, LLC t/a and/or d/b/a "Corvel"*, Case ID: 21030413, from the Court
of Common Pleas of the Commonwealth of Pennsylvania, Philadelphia County, to the United
States District Court for the Eastern District of Pennsylvania, based on the following grounds:

## I. REMOVAL JURISDICTION BASED UPON DIVERSITY JURISDICTION IS APPROPRIATE

   1.  Plaintiff commenced this action on or about March 4, 2021, by filing a Complaint in
the Court of Common Pleas of the Commonwealth of Pennsylvania, Philadelphia County. The
Complaint is captioned *Miguel Camilo Sanchez v. Lineage Logistics Holdings, LLC t/a and/or*

---

[1] Lineage Logistics Holdings, LLC is a holding company that does not have any employees and is, therefore, an
improperly named party in this matter. Lineage Logistics, LLC is Plaintiff's former employer and therefore the
proper defendant in this matter.

*d/b/a "Corvel"*, Case ID: 21030413, and asserts claims against Lineage alleging retaliation under Pennsylvania's Workers Compensation Act. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.      On March 26, 2021, Counsel for Lineage executed an Acceptance of Service on Lineage's behalf. (Exhibit "B").

3.      This Court has original jurisdiction under 28 U.S.C. § 1332, and Defendant is entitled to remove this action pursuant to 28 U.S.C. §§ 1441(a) and (b), because complete diversity of citizenship exists between Plaintiff and Defendant, and because the amount in controversy exceeds the sum or value of $75,000 based on the claims made and the damages alleged, exclusive of interest and costs.

    **A.      Complete Diversity of Citizenship Exists.**

4.      According to Plaintiff's Complaint, Plaintiff is a citizen of the Commonwealth of Pennsylvania. (*See* Compl. ¶1, Ex. **"A"**).

5.      Defendant, Lineage, is a Limited Liability Company and therefore has the citizenship of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of its members"); Declaration Albert C. Nicholson in Support of Defendant's Notice of Removal ("Nicholson Declaration), ¶2, a true and correct copy of which is attached hereto as Exhibit "C."

6.      The sole member of Lineage is Lineage Logistics Holdings, LLC, a Limited Liability Company which has the citizenship of its members. (Nicholson Declaration, ¶3, Ex. "B"). *See Zambelli Fireworks Mfg. Co.*, 592 F.3d at 418.

7.      The members of Lineage Logistics Holdings, LLC are: BG LLH Intermediate, LLC, LLH MGMT Profits, LLC and BG Maverick, LLC, all Limited Liability Companies which

has the citizenship of its members. (Nicholson Declaration, ¶4, Ex. "B"). *See Zambelli Fireworks Mfg. Co.*, 592 F.3d at 418.

8.      All three members of Lineage Logistics Holdings, LLC are formed in Delaware, all of whom are domiciled in Delaware and, therefore, citizens of the State of Delaware. (Nicholson Declaration, ¶4, Ex. "B").

9.      Therefore, for the purposes of citizenship, Lineage is a citizen of Delaware.

10.      Accordingly, there is complete diversity of citizenship among the parties.

**B.**      **The Amount in Controversy Exceeds $75,000.00.**

11.      The amount in controversy in Plaintiff's Complaint exceeds the some or value of $75,000.00.

12.      Generally, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint. *See Angus v. Shiley*, 989 F.2d 142, 145 (3d Cir. 1993).

13.      Here, Plaintiff's Complaint does not seek a precise amount of damages.

14.      When a complaint does not limit its request to a precise monetary amount, the court must make an independent appraisal of the claim's value to determine whether it satisfies the amount in controversy requirement. *See Angus*, 989 F.2d at 146; *see also Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006) ("[T]his Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not.").

15.      In such cases, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146. "The court must assess the claims that are made and attempt to translate those claims

into monetary sums." *Bailey v. LB Hunt Transport., Inc.*, No. 06-cv-240, 2007 U.S. Dist. LEXIS 16941, *12 (E.D.Pa. Mar. 8, 2007) (citation omitted).

16.     Here, the amount in controversy under 28 U.S.C. § 1332(a) is satisfied to the extent Plaintiff seeks damages including loss of wages, loss of employment, damage to reputation, emotional distress, loss of benefits, compensatory damages, and liquidated damages. (Compl. ¶ 54, *ad damnum* clause, Ex. "A"). On the basis of the allegations in the Complaint and upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

17.     Based on the foregoing, this Court has diversity jurisdiction over this action because, on the date that the Complaint was filed, and as of the date this Notice is filed, there exists complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

18.     Because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, the District Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). As such, it is removable pursuant to 28 U.S.C. § 1441(a).

## II.     THE NOTICE OF REMOVAL IS TIMELY AND VENUE IS APPROPRIATE

19.     Removal is timely under 28 U.S.C. § 1446(b) because Lineage is removing the case within 30 days after the receipt by Lineage, through acceptance of service by counsel, of a copy of the Complaint.

20.     Venue is proper in the Eastern District of Pennsylvania because the case is being removed from the Court of Common Pleas of the Commonwealth of Pennsylvania, Philadelphia County. *See* 28 U.S.C. § 1446(a).

21.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the state court action are annexed hereto as Exhibits A & B.

22.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Court of Common Pleas of the Commonwealth of Pennsylvania, Philadelphia County and a copy of same served upon Plaintiff's counsel.  A true and correct copy of the proposed Notice is attached hereto as Exhibit "D."

23.     By filing this Notice of Removal, Defendant does not waive its right to object to and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

24.     Defendant hereby reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Reliant hereby removes this action from the Court of Common Pleas, Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Dated: April 15, 2021

By: */s/ Katheryn Eisenmann*
Katheryn Eisenmann (PA I.D. 312083)
Immon Shafiei (PA I.D. 325324)
1735 Market Street, Suite 3000
Philadelphia, PA 19103-7501
(215) 995-2800
(215) 995-2801 (fax)
*Counsel for Lineage Logistics, LLC (incorrectly identified as Lineage Logistics Holdings, LLC t/a and/or d/b/a "Corvel")*

## <u>CERTIFICATE OF SERVICE</u>

I, Katheryn Eisenmann, hereby certify that on the 15th day of April, 2021, Defendant

Lineage's Notice of Removal was served via First Class, U.S. Mail on the following:

Thomas More Holland, Esq.
Kelly A. Trewella, Esq.
1522 Locust Street, Grace Hall
Philadelphia, PA 19102
TMH@tmhlaw.com
ktrewella@tmhlaw.com


*/s/ Katheryn Eisenmann*
Katheryn Eisenmann


46758330.1

EXHIBIT A

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 12/21/2021
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a judge.

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

Filed and Attested by the
Office of Judicial Records
04 MAR 2021 10:44 am
A. SILIGRINI

MIGUEL CAMILO SANCHEZ
808 N. 7th St.
Allentown, PA 18102

       v.

LINEAGE LOGISTICS HOLDINGS, LLC
t/a and/or d/b/a "CORVEL"
3101 South 3rd St.
Philadelphia, PA 19148

March Term, 2021

No:

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| **You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.** | **Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.** |
| *You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

**10-284**

LAW OFFICES OF THOMAS MORE HOLLAND      Arbitration Matter-Assessment
By:  Kelly A. Trewella, Esquire      of Damages Hearing Required
Atty ID: 205814
1522 Locust St., Grace Hall
Philadelphia, PA 19102
P: 215-592-8080
F: 215-592-8080
C: 484-238-7848
ktrewella@tmhlaw.com

| | |
|---|---|
| **MIGUEL CAMILO SANCHEZ** : | COURT OF COMMON PLEAS |
| 808 N. 7th St. : | PHILADELPHIA COUNTY |
| Allentown, PA 18102 : | |
| : | March Term, 2021 |
| v. : | |
| : | No.: |
| **LINEAGE LOGISTICS HOLDINGS,** : | |
| **LLC t/a and/or d/b/a "CORVEL"** : | |
| 3101 South 3rd St. : | |
| Philadelphia, PA 19148 : | |

## COMPLAINT

1. Plaintiff, MIGUEL CAMILO SANCHEZ (hereinafter "Plaintiff"), is an adult individual
   and citizen of the Commonwealth of Pennsylvania who resides at the above captioned
   address.

2. Defendant, LINEAGE LOGISTICS HOLDINDGS, LLC t/a and/or d/b/a "CORVEL"
   (hereinafter "LINEAGE") is a business entity organized and existing by virtue of the
   laws of the State of Michigan with a corporate headquarters located at:  46500 Humboldt
   Dr., Novi, Michigan 48377.

3. Defendant LINEAGE has five (5) facilities in Pennsylvania.

4. One (1) of the five (5) facilities is located in Philadelphia at 3101 South 3rd St.,
   Philadelphia, Pennsylvania 19148.



5.  Defendant LINEAGE regularly transacts and conducts business in the City and County of Philadelphia.

6.  Defendant LINEAGE also has a business address of 7132 Ruppsville Rd., Allentown, Pennsylvania 18106.

7.  At all times relevant hereto, Defendant LINEAGE acted and/or failed to act by and through its agents, servants, workmen and/or employees who at all times relevant hereto were acting and/or failing to act in the course and scope of his/her employment.

8.  Defendant LINEAGE is vicariously liable for the acts and omissions of its agents, servants, workmen, and employees, including but not limited Jeremy Saldon, under the doctrine of Respondeat Superior.

9.  At all times relevant hereto, Plaintiff was an employee of Defendant LINEAGE.

10. Plaintiff's position was that of "machine operator" at the Allentown location.

11. Plaintiff earned $18.50 per hour.

12. On or about June 1, 2020, Plaintiff was injured at work while in the course and scope of his employment.

13. Specifically, Plaintiff was moving a palette at work when his left index finger and nail bed were injured on a protruding nail.

14. As a result, Plaintiff serious injuries including but not limited to puncture wound to the left index finger with probable epidermal cyst; flexor tenosynovitis left index finger with contracture, digital nerve neuritis.

15. Plaintiff reported the injury to his employer by notifying his supervisor Jeremy Saldon on the same date of injury—June 1, 2020.

16. Following the injury Plaintiff went to Lehigh Valley Hospital-Cedar Crest.

17. On June 5, 2020, Plaintiff was seen at Health Works by Richard F. Goy, M.D., an employer designated panel physician.

   a. Dr. Goy diagnosed the Plaintiff with a puncture would to his left index finger and released Plaintiff to return to work with modified activities.

18. Dr. Goy next saw Plaintiff on June 12, 2020 at which point he released him to return to work full duty.

19. On June 26, 2020, Dr. Goy saw Plaintiff who was still complaining of continued pain and swelling in his left index finger.

20. Plaintiff reported increased pain when trying to bend his finger and the inability to fully bend his finger.

21. Dr. Goy's medical notes from the June 26, 2020 visit stated that Plaintiff could remain at work in a full duty capacity.

22. Dr. Goy stated he would refer the Plaintiff to a hand surgeon.

23. On July 8, 2020, Plaintiff was seen at Coordinated Health.

24. At the July 8, 2020 visit, Plaintiff was examined, and it was noted that Plaintiff would be referred for an MRI.

25. The records note: "suspected epidural inclusion cyst."

26. Nevertheless, Plaintiff was released to return to work full duty.

27. On July 25, 2020, Defendant LINEAGE issued a Notice of Temporary Compensation Payable—medical only.

28. The injury was listed on the NTCP as follows:

<u>Part of body injured</u>

Finger(s)

<u>Nature of injury</u>
Puncture [A hole made by the piercing of a pointed instrument ]

<u>Accident/injury description narrative</u>
LEFT POINTER FINGER LACERATION SUSTAINED WHEN THE TEAM
MEMBER WAS CLEANING AT THE END OF DAY AND IN THE
PROCESS HE PICKED UP A BROKEN PALLET AND A NAIL.

29. On August 13, 2020, Plaintiff underwent an MRI at Coordinated Health.

30. On August 14, 2020, Plaintiff was terminated by his supervisor, Jeremy Saldon, for "not meeting production requirements" and "not working at 100%".

31. Plaintiff requested he be supplied with a copy of any write-ups or disciplinary actions.

32. Jeremy Saldon informed the Plaintiff that he would need to get a copy of any write-ups or disciplinary actions from Human Resources ("HR").

33. On or about August 15 or August 16, 2020, Plaintiff spoke with "Joanne" in the HR Department of Defendant LINEAGE.

34. Joanne informed Plaintiff he had no write-ups or disciplinary actions.

**COUNT I**
**WRONGFUL DISCHARGE**
*Pursuant to Shick v. Shirey, 716 A.2d 1231 (Pa. 1998)*

35. Plaintiff incorporates the foregoing paragraphs as if set forth herein at length.

36. At all times material hereto, Plaintiff was an at will employee of Defendant LINEAGE

37. On June 1, 2020, Plaintiff suffered injuries at work while in the course and scope of his employment with Defendant LINEAGE.

38. Plaintiff notified the employer of his injury and began to treat with employer designated panel physicians. (*Workers Compensation Act, Rules and Regulations, §125.751 et seq.*).

39. Plaintiff was released to return to wok modified duty on June 5, 2020 and full duty on June 12, 2020.

40. Plaintiff did return to work.

41. Plaintiff experienced numbness, pain, and limited range of motion and reported the same to his panel physicians.

42. Nevertheless, Plaintiff remained at work in a full-duty capacity, without restrictions.

43. The Plaintiff engaged in the following activities which are protected activities under the Workers' Compensation Act ("WCA"):

    a.  reporting his injury to his employer;

    b.  seeking treatment with panel physicians;

    c.  continuing to seek treatment after he was released by the panel physicians due to his ongoing pain, numbness, and lack of ROM from his work injury;

    d.  applying for, seeking, and/or obtaining benefits under Pennsylvania's Workers' Compensation Act ("WCA").

44. Defendant had knowledge that Plaintiff was asserting his rights under the WCA as demonstrated by the NTCP,  issued on July 25, 2020, accepting Plaintiff's medical injury.

45. Plaintiff underwent an MRI on August 13, 2020.

46. The day after the MRI Plaintiff was terminated.

47. Defendant's termination of the Plaintiff was retaliatory in nature.

48. Defendant's reason for termination, ""not meeting production requirements" and "not working at 100%".

49. If Plaintiff was not working at 100% it was due to his work injury and his ongoing complaints regarding same.

50. The temporal proximity and/or the contemporaneousness between the protected activity of asserting his rights under the WCA  and the termination of the Plaintiff support an inference of retaliation.

51. The temporal proximity and/or the contemporaneousness between the protected activity of seeking ongoing treatment for his injuries and the termination of the Plaintiff support an inference of retaliation.

52. As a result of Plaintiff's assertion of his rights under the WCA, Defendant terminated the Plaintiff.

53. The Defendant's actions violate the public policy of the Commonwealth of Pennsylvania as set forth in *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998).

54. As a result of the Defendant's retaliatory actions against the Plaintiff, Plaintiff suffered damages in the form of loss of wages, loss of employment, damage to reputation, emotional distress, and loss of benefits.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendant as well

compensatory damages, liquidated damages, reinstatement, counsel fees, costs, and any other

relief that the Court deems fair, equitable, and just.


*3/4/2021*                              */s/ Thomas More Holland*
DATE                                    THOMAS MORE HOLLAND, ESQUIRE
                                        Attorney for Plaintiff
                                        Attorney I.D. No. 43517
                                        1522 Locust Street, Grace Hall
                                        Philadelphia, PA 19102
                                        T: 215-592-8080
                                        Fax: 215-592-8550
                                        TMH@tmhlaw.com


*3/4/2021*                              */s/ Kelly A. Trewella*
DATE                                    KELLY A. TREWELLA, ESQUIRE
                                        Attorney for Plaintiff
                                        Attorney I.D. No. 205814
                                        1522 Locust Street, Grace Hall
                                        Philadelphia, PA 19102
                                        T: 484-238-7848; Fax: 215-592-8550
                                        ktrewella@tmhlaw.com

## **VERIFICATION**

I, KELLY A. TREWELLA, EQUIRE, hereby verify that I am counsel for the Plaintiff in the foregoing action and that the facts set forth in the foregoing **Complaint** are true and correct to the best of my knowledge, information, and belief.  I understand that the statements made therein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


3/4/2021                                               /s/ Kelly  A. Trewella
DATE                                                   KELLY A. TREWELLA, ESQUIRE
                                                       Attorney for Plaintiff, Miguel Camillo

# EXHIBIT B

LAW OFFICES OF THOMAS MORE HOLLAND
By:  Kelly A. Trewella, Esquire
Atty ID: 205814
1522 Locust St., Grace Hall
Philadelphia, PA 19102
P: 215-592-8080
F: 215-592-8080
C: 484-238-7848
ktrewella@tmhlaw.com

| | | |
|---|---|---|
| MIGUEL CAMILO SANCHEZ | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | March Term, 2021 |
| | : | No.: 0413 |
| | : | |
| LINEAGE LOGISTICS HOLDINGS, LLC | : | Case ID: 21030413 |
| t/a and/or d/b/a "CORVEL" | : | |

## ACCEPTANCE OF SERVICE

I, Katheryn  Eisenmann, Esquire, accept service of the Plaintiff's Complaint on behalf of

Defendant Lineage Logistics Holdings, LLC t/a and/or d/b/a "Corvel" and certify that I am

authorized to do so.


__March__ 26, 2021
_____
DATE

_____
KATHERYN EISENMANN, ESQUIRE
Ogletree, Deakins, Nash, Smoak & Stewart, PC
1735 Market St., Suite 3000
Philadelphia, PA 19103
P: 215-995-2829
F:  215-995-2801
Kate.eisenmann@ogletree.com

## **VERIFICATION**

I, KELLY A. TREWELLA, EQUIRE, hereby verify that I am counsel for the Plaintiff in the foregoing action and that the facts set forth in the foregoing **Complaint** are true and correct to the best of my knowledge, information, and belief.  I understand that the statements made therein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


3/3/2021                                                    */s/ Kelly  A. Trewella*
DATE                                                       KELLY A. TREWELLA, ESQUIRE
                                                           Attorney for Plaintiff, Miguel Camillo

EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MIGUEL CAMILO SANCHEZ, | : | |
| | : | |
| Plaintiff, | : | Case No. _____ |
| v. | : | |
| | : | |
| LINEAGE LOGISTICS HOLDINGS, LLC | : | |
| t/a and/or d/b/a "CORVEL" | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DECLARATION OF ALBERT C. NICHOLSON IN SUPPORT
## OF DEFENDANT'S NOTICE OF REMOVAL

I, Albert C. Nicholson, hereby declare and state as follows:

1.      I am the Assistant General Counsel for Lineage Logistics, LLC ("Lineage"). This declaration is based on my personal knowledge and business records regarding the citizenship of Lineage's members, and its principal place of business.

2.      Lineage is, and was at all times relevant to this action, a limited liability company.

3.      The sole member of Lineage is Lineage Logistics Holdings, LLC, a Limited Liability Company formed in Delaware.

4.      The members of Lineage Logistics Holdings, LLC are BG LLH Intermediate, LLC, LLH MGMT Profits, LLC and BG Maverick, LLC, are formed and domiciled in Delaware.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:

_____
Albert C. Nicholson

46758329.1

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
Katheryn Eisenmann, Esq. (PA I.D. No. 312083)
Immon Shafiei, Esq. (PA I.D. No. 325324)
1735 Market Street, Suite 3000
Philadelphia, PA 19103-7501
(215) 995-2800
(215) 995-2801 (fax)
Kate.Eisenmann@ogletreedeakins.com
Immon.Shafiei@ogletreedeakins.com

*Attorneys for Defendant Lineage Logistics,*
*LLC*

| | |
|---|---|
| MIGUEL CAMILO SANCHEZ, | : **COURT OF COMMON PLEAS** |
| | : **PHILADELPHIA COUNTY** |
| Plaintiff, | : |
| v. | : Case No. 210300413 |
| | : |
| LINEAGE LOGISTICS HOLDINGS, LLC | : |
| t/a and/or d/b/a "CORVEL" | : |
| | : |
| Defendant. | : |

TO THE PROTONOTARY:

PLEASE TAKE NOTICE that, on April 15, 2021, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Lineage Logistics, LLC (incorrectly identified by Plaintiff as Lineage Logistics Holdings, LLC t/a and/or d/b/a "Corvel") caused to be filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania Defendant's Notice of Removal of this Action to the United States District Court for the Eastern District of Pennsylvania. A true and correct copy of Defendant's Notice of Removal is attached to this Notice of Filing as **Exhibit 1**.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of that Notice of Removal, together with the filing of the attached Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the case is remanded by the federal court.

Date:   April 15, 2021

Respectfully Submitted,

*/s/ Katheryn Eisenmann*
Katheryn Eisenmann (PA I.D. 312083)
Immon Shafiei (PA I.D. 325324)
1735 Market Street, Suite 3000
Philadelphia, PA 19103-7501
(215) 995-2800
(215) 995-2801 (fax)
*Counsel for Lineage Logistics, LLC*
*(incorrectly identified as Lineage Logistics*
*Holdings, LLC t/a and/or d/b/a "Corvel")*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 15th day of April, 2021, a true and correct copy of the foregoing Notice of Defendant's Notice of Removal was electronically filed with the Clerk of Court and is available for viewing and downloading from the ECF system.  Counsel for all parties have consented to service through the ECF System.

*/s/ Katheryn Eisenmann*
Katheryn Eisenmann
Attorney for Defendant

46694300.1
